Filed 11/24/20  P. v Muhammad CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077572 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD150409) |
| KWESI KHARY MUHAMMAD, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed and remanded with directions.

Kwesi Muhammad, in pro. per.; and Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2000, Kwesi Khary Muhammad pleaded guilty to one count of violation of Penal Code[1] section 288, subdivision (b)(1) and admitted an

_____

[1]    All further statutory references are to the Penal Code.

enhancement under section 667.61, subdivision (a), (c), and (d).  He was sentenced to an indeterminate term of 25 years to life.[2]

In January 2020, Muhammad filed a motion to withdraw his guilty plea and to correct the allocation of custody credits in the abstract of judgment.  His motions were denied by the trial court.

Muhammad filed a notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Muhammad the opportunity to file his own brief on appeal.  Muhammad has responded by filing a supplemental brief.  We will discuss that brief below.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  Technically, counsel has not complied with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) in that counsel has not identified any possible issues that may have been considered by counsel.  However, this appeal from a motion to set aside a guilty plea and to correct the calculation of credits, brought almost 20 years after sentence, is plainly without any potential merit.  Failure to fully comply with *Anders* has not hindered our review of this record.

Muhammad's supplemental brief addresses supposed issues that were not raised in the trial court.  First, he claims he agreed to lifetime parole,

---

[2]    During our review of the record, we discovered the abstract of judgment does not accurately state the sentence imposed.  It reflects a sentence of life with the possibility of parole.  The sentence imposed by the trial court was 25 years to life.  Although we will affirm the trial court's orders, we will remand with directions to correct the abstract of judgment.

which is not the correct parole period. Based upon that allegation, he argues his 2000 guilty plea should be vacated. Nothing in the record supports such a claim. In any event, the period of parole can be addressed by Muhammad if, and when, he is found suitable for parole.

Next, Muhammad notes that, at some point, the court issued a nunc pro tunc order correcting an error in the suspended parole revocation fine under section 1202.45. The restitution fine was originally set at $500, but the parole revocation fine, which should have been $500 was set at $10,000, an unauthorized amount. Based on the correction of the fine amount, Muhammad claims he is entitled to have his plea vacated. Finally, he claims the abstract of judgment reflecting the lower amount for the parole revocation fine does not reflect the court's oral pronouncement in 2000. He claims he is now entitled to have his plea vacated and be remanded for resentencing.

We have carefully examined Muhammad's proposed issues and, again, reviewed the record. Nothing in his supplemental brief raises an arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Muhammad on this appeal.

## DISPOSITION

The orders denying the motions to withdraw the guilty plea and to correct the abstract of judgment are affirmed.  The case is remanded to the trial court to correct the abstract of judgment to reflect a sentence of 25 years to life.  When the abstract is amended, the court shall forward the amended abstract to the Department of Corrections and Rehabilitation.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.

4